

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W*
*Washington, D.C. 20530*

**FILED**
JUL 24 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

May 6, 2008

Dani Jahn, Esq.
Federal Public Defender
625 Indiana Ave., N.W.
Suite 550
Washington, DC 20001

Re: <u>U.S. v. Phillip Davis,</u>
CR 08-169

Dear Ms. Jahn:

This letter sets forth the full and complete plea offer to your client, Phillip Davis, from the Criminal Division of the Offices of the United States Attorneys for the District of Columbia and the District of Maryland (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on June 12, 2008. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

### Charges and Statutory Penalties

Your client agrees to plead guilty to Counts One and Four of the Indictment in this case charging him with violating 18 U.S.C. §2113(a), Bank Robbery, in connection with the robbery of the Chevy Chase Bank located at 1100 17th St., N.W., Washington, D.C., on September 4, 2007, and the robbery of the PNC Bank located at 650 Pennsylvania Ave., S.E., Washington, D.C. on September 17, 2007, and to an Information charging him with an additional count of violating 18 U.S.C. §2113(a), Bank Robbery, in connection with the attempted robbery of the PNC Bank located at 6196 Oxon Hill Road, Oxon Hill, Maryland on September 17, 2007. The Information, a copy of which is attached, will be filed in the United States District Court for the District of Maryland, and at the defendant's written request and with the written consent of the United States Attorneys in both districts, that prosecution will be transferred for plea and sentence to the District of Columbia in accordance with the procedures set forth in Rule 20 of the Federal Rules of Criminal Procedure.

2

Your client understands that pursuant to 18 U.S.C. §§2113(a), 3571(b)(3) and 3583(b)(2), Bank Robbery carries a maximum sentence of not more than 20 years imprisonment, a fine of not more than $250,000, an obligation to pay any applicable interest or penalties on fines or restitution not timely made or both, and a period of supervised release of not more than three years. Your client also understands that the Court must order your client to pay restitution in the amount of $1300 to the Chevy Chase Bank and $2000 to the PNC Bank. See 18 U.S.C. §3663A. In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. See 18 U.S.C. §3013. Your client further understands that, pursuant to 18 U.S.C. §3571 and §5E1.2 of the United States Sentencing Commission, Guidelines Manual, 2007 ed. (hereinafter "Sentencing Guidelines" or "U.S.S.G."), the Court also may impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation. Further, your client understands that if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

In consideration of your client's plea to the above offenses, your client will not be further prosecuted criminally by this Office or by the United States Attorney's Office for the District of Maryland for the conduct set forth in the attached Statement of the Offense. In addition, at the time of sentencing, the Government will move to dismiss Count Three of the Indictment pending in this case. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

### Wiring of Plea Agreement

Your client understands and acknowledges that this Agreement and any plea of guilty which your client may enter pursuant to this Plea Agreement are contingent upon the entry of a guilty plea by co-defendant Brian Davis in this case. If Brian Davis fails to enter a guilty plea, this Agreement and any proceedings pursuant to this Agreement shall be withdrawn or voided.

### Detention

Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. §3143, your client be detained without bond pending your client's sentencing in this case.

### Factual Stipulations

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

3

### Sentencing Guidelines

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. §3553(a), including a consideration of the guidelines and policies promulgated by the Sentencing Guidelines. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following. <u>However, nothing in this agreement is to be read as precluding either party from arguing for or against the applicability of any other specific offense characteristic and/or adjustment to the defendant's base offense level that is not specifically referenced in the agreement.</u>

A.   **Offense Level under the Guidelines**

As to each offense:

<u>Estimated Base Offense Level</u>: §2B3.1(a)                                   20

<u>Applicable Specific Offense Characteristic</u>:

§2B3.1(b)(1) - Property of a financial institution was               +2
taken or taking of such property was object of the offense

B.   **Adjustment for Acceptance of Responsibility**: Assuming your client clearly demonstrates acceptance of responsibility to the satisfaction of the Government through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. §3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence and that your client's base offense level is 16 or greater, the Government agrees that an additional 1-level reduction would be appropriate pursuant to U.S.S.G. §3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

### Guideline Departures

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the applicable Guidelines range is warranted. Accordingly, neither party will seek such a departure. Nor will either party suggest that the Court consider such a departure.

### Agreement as to Sentencing Allocution

The parties further agree that a sentence within the applicable Guidelines range established by the Sentencing Guidelines would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. §3553(a). In addition, neither party will seek a sentence outside of the applicable Guidelines range or suggest that the Court consider a sentence outside that Guidelines range.

4

Moreover, the Government agrees to allocute for a sentence of not more than 46 months imprisonment, or the low end of the applicable Guidelines range, whichever is greater.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under U.S.S.G. §5K1.1, 18 U.S.C. §3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### **Court Not Bound by the Plea Agreement**

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or the parties' determination of the applicable Guidelines range, or as to other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. §3553(a), the parties reserve the right to answer any related inquiries from the Court.

### **Court Not Bound by the Non-Mandatory Sentencing Guidelines**

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

## Breach of Agreement

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

## Waiver of Statute of Limitations

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or

6

reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. §3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and Assistant United States Attorneys for the District of Columbia and the District of Maryland.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia and the Criminal Division of the United States Attorney's Office for the District of Maryland. This Agreement does not bind the Civil Division of this Office or of the United States Attorney's Office for the District of Maryland. This agreement also does not bind any other United States Attorney's Office, or any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

_[signature]_
ROD J. ROSENSTEIN
United States Attorney
District of Maryland

_[signature]_
JEFFREY A. TAYLOR
United States Attorney
District of Columbia

_[signature]_
BRYAN E. FOREMAN
Assistant U.S. Attorney
District of Maryland

_[signature]_
ANGELA G. SCHMIDT
Assistant U.S. Attorney
District of Columbia

7

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Dani Jahn, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: June 4, 2008

Phillip Davis
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 6/4/08

Dani Jahn, Esquire
Attorney for the Defendant